Edward Thompson, J.
Petitioner applies for a writ of habeas corpus and contends that his incarceration in the House of Detention for Men is illegal for the reason that (1) the request for conditional release and the conditional release agreement were fraudulently altered by the Parole Commission, and (2) when the State of New York began extradition proceedings it lost jurisdiction over the petitioner.
Petitioner was originally in the custody of the Warden of Green Haven Prison, at Stormville, Dutchess County, New York, pursuant to a judgment of conviction rendered in this court. He was sentenced on September 19, 1968, to a term of imprisonment of one year three months to two years six months. On May 15, 1969, in accordance with the proceedings of paragraph (b) of subdivision 1 of section 70.40 of the New York Penal Law and Subdivision 5 of section 805 of the New York Correction Law, petitioner signed a request for conditional release and a conditional release agreement. On May 16, 1969, upon executing the request and the agreement, the petitioner was conditionally released on parole pursuant to paragraph (b) of subdivision 1 of section 70.40.
At the time of petitioner’s release, a warrant from Dade County, Florida, was lodged and petitioner refused to waive extradition. Consequently, he was turned over to the Warden of Dutchess County pending a hearing on the Florida extradi *98 tion proceeding. Eventually, the State of Florida did not enforce its warrant of parole.
Petitioner did not report until July 2, 1969, although he had been released in Dutchess County on May 23, 1969. Subsequently, on July 23, 1969, petitioner was taken into custody for violation of parole. According to the petitioner’s application, the violation of parole consisted of his having driven an automobile during the previous week.
An examination of the copy of the conditional release reveals that at the time this defendant signed the same, he was paroled pursuant to paragraph (b) of subdivision 1 of section 70.40 of the Penal Law and subdivision 5 of section 805 of the Correction Law. As such he remains under the jurisdiction of the State Board of Parole. While it is true that a typewritten insertion was added to the release agreement subsequent to the defendant’s signing it, that insertion is clearly and merely a directive to the defendant to report to a certain person and location in New York City. This can hardly be called fraudulent. Rather it should be called comforting or conducive to defendant’s interests.
Regarding defendant’s contention that the State of New York lost jurisdiction over this defendant when it transferred the defendant to the Sheriff of Dutchess County for extradition purposes, such claim is without merit. At most petitioner can demand credit for time served in the demanding jurisdiction on his New York sentence, if such were the fact. (People ex rel. Rainone v. Murphy, 1 N Y 2d 367.) In sum, control by the Board of Parole continues and obtains over the defendant until the aforesaid provisions of law have been complied with. Accordingly the application is denied.